UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| DANIEL EASLER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) 1:19-cr-00049-LEW-1 |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent | ) |

**RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION**

Petitioner moves pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. (Motion, ECF No. 72.) Following a guilty plea, Petitioner was convicted of being a felon in possession of a firearm; the Court sentenced Petitioner to 100 months in prison. (Judgment, ECF No. 68.) The Government asks the Court to dismiss the matter because Petitioner filed the motion after the statute of limitations expired. (Response, ECF No. 84.)

Following a review of the record and after consideration of Petitioner's motion and the Government's request for dismissal, I recommend the Court grant the Government's request and dismiss Petitioner's motion.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

In March 2019, the grand jury indicted Petitioner for possessing a firearm after having been convicted of a crime punishable by more than one year in prison. (Indictment, ECF No. 5.) Petitioner unsuccessfully attempted to suppress certain evidence against him. (Motion to Suppress, ECF No. 26; Hearing, ECF No. 39; Order, ECF No. 42.)

In June 2019, the Supreme Court held for the first time that the Government must allege and prove that the "defendant knew both that he engaged in the relevant conduct (that he possessed a firearm) and also that he fell within the relevant status (that he was a felon, an alien unlawfully in this country, or the like)" to secure a conviction under 18 U.S.C. 922(g). *Rehaif v. United States*, 139 S. Ct. 2191, 2194 (2019). Before the decision, the word "knowingly" in the penalty provision of the statute had typically been applied to the conduct element and not to the status element. In response to *Rehaif*, the Government filed a Substitute Information adding the allegation that Petitioner knew he had been convicted of a felony when he possessed a firearm. (Substitute Information, ECF No. 48.)

In August 2019, Petitioner agreed to proceed without a new indictment and pled guilty to the allegations in the Substitute Information. (Waiver of Indictment, ECF No. 55; Guilty Plea, ECF No. 54.) In February 2020, the Court sentenced Petitioner to 100 months in prison. (Judgment, ECF No. 68.) Petitioner did not file an appeal.

In October 2022, Petitioner filed a letter alleging ineffective assistance of counsel and requesting the Court extend the deadline for initiating a collateral attack on his conviction. (Motion, ECF No. 72.) The Court construed the filing as a § 2255 motion and deferred ruling on the statute of limitations issue. (*Castro* Order, ECF No. 73.) Petitioner amended his allegations and claims in November 2022. (Amended § 2255 Motion, ECF No. 74.) In its response, the Government argues the § 2255 motion is untimely and otherwise lacks merit. (Answer, ECF No. 84.)

## DISCUSSION

"A 1-year period of limitation" applies to a collateral attack on a federal conviction. 28 U.S.C. § 2255(f). The period begins to run from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* When there are multiple claims at issue, "the period of limitation in 28 U.S.C. § 2255(f) should be applied on a claim-by-claim basis." *Capozzi v. United States*, 768 F.3d 32, 33 (1st Cir. 2014).

Petitioner does not allege, nor does the record reflect, that the Government imposed an impediment to a timely filing; Petitioner's claims do not rely on a right newly-recognized by the Supreme Court and made retroactively applicable to cases on collateral review; and Petitioner does not allege newly-discovered facts in support of his section 2255 claims. Because paragraphs (2), (3), and (4) do not apply, therefore, the limitations period began to run when Petitioner's judgment of conviction became final.

The Court entered Petitioner's judgment of conviction on February 13, 2020. Petitioner then had fourteen days to file an appeal. *See* Fed. R. App. P. 4(b)(1)(A). Petitioner's judgment became final following the expiration of the fourteen-day period on

February 27, 2020. *See Clay v. United States*, 537 U.S. 522, 532 (2003) (holding that when a defendant does not pursue available appellate review, § 2255's one-year limitation period starts to run when the time for seeking such review expires). The limitation period for filing a § 2255 motion to challenge the judgment expired one year later, on February 27, 2021. *See Rogers v. United States*, 180 F.3d 349, 355 n.13 (1st Cir. 1999) ("When a statute of limitations is measured in years, the last day for instituting the action is the anniversary date of the start of the limitations period") (quotation omitted). Petitioner filed his motion on October 7, 2022, more than seventeen months after the limitations period expired.

"[T]he AEDPA statute of limitations defense is not jurisdictional" and "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010) (internal quotations omitted). "To obtain tolling . . . a petitioner bears a substantial burden to establish . . . that he exercised reasonable diligence in trying to preserve his rights but was prevented from timely filing by extraordinary circumstances." *Dominguez v. Duval*, 527 F. App'x 38, 40 (1st Cir. 2013); *see also Trapp v. Spencer*, 479 F.3d 53, 61 (1st Cir. 2007) (discussing illustrative cases). "The diligence prong covers those affairs within the petitioner's control, while the extraordinary-circumstances prong covers matters outside his control." *Blue v. Medeiros*, 913 F.3d 1, 8 (1st Cir. 2019).

The only basis for equitable tolling that Petitioner mentioned was "sporadic lockdowns" resulting from the COVID-19 pandemic. While courts have recognized the exceptional nature of the pandemic for some purposes, "the COVID-19 pandemic does not automatically warrant equitable tolling for any petitioner who seeks it on that basis. The petitioner must establish that he was pursuing his rights diligently and that the COVID-19

4

pandemic specifically prevented him from filing his motion." *United States v. Henry*, No. 2:17-cr-00180, 2020 WL 7332657, at *4 (W.D. Pa. Dec. 14, 2020) (emphasis in original). Petitioner does not present any specific explanation or evidence that would support an equitable tolling finding.

Because Petitioner did not file the § 2255 motion within the applicable limitation period, and because equitable tolling does not apply, dismissal is warranted.

## CONCLUSION

Based on the foregoing analysis, an evidentiary hearing is not warranted under Rule 8 of the Rules Governing Section 2255 Cases. In addition, I recommend that the Court deny Petitioner's motion for habeas relief under 28 U.S.C. § 2255. I further recommend that the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2255 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum and shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 31st day of July, 2023.